**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

                      Plaintiff,                **ADOPTION ORDER**
                                                  14-cv-3609 (ADS)(AYS)
        -against-

CAN'S BAR & GRILL, INC., doing business as
Canz Bar & Grill, and TIMOTHY LORITO,
                      Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Paul J. Hooten & Associates**
*Attorneys for the Plaintiff*
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY 11766
    By: Paul J. Hooten, Esq.**,** Of Counsel

**SPATT, District Judge**.

       On June 9, 2014, the Plaintiff J & J Sports Productions, Inc. (the "Plaintiff") commenced this action against Can's Bar & Grill, Inc., doing business as Canz Bar & Grill, and Timothy Lorito (collectively, the "Defendants"). The Plaintiff alleges that the Defendants unlawfully intercepted and misappropriated a broadcast of the June 9, 2012 WBO Welterweight Championship Fight Program between Manny Pacquiao and Timothy Bradley in violation of 47 U.S.C. §553 and 47 U.S.C. §605. The Plaintiff seeks statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II) and enhanced damages pursuant to 47 U.S.C. §§605(e)(3)(C)(i)(II) & (e)(3)(C)(ii), as well as prejudgment interest at a rate of nine percent per annum beginning June 9, 2012.

       On August 14, 2014, the Clerk of the Court issued a certificate of default noting the default by the Defendants.

1

On April 21, 2015, the Court referred this matter to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded.

On May 8, 2015, Judge Shields issued a Report recommending that the Plaintiff's motion for default judgment be granted and that the Plaintiff be awarded $24,727.50 in total damages, comprised of $8242.50 in statutory damages, $16,485 in enhanced damages, and $400 in costs.

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 9, 2015, Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error). Accordingly, the May 8, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted. The Clerk of the Court is directed to enter judgment for the Plaintiff and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
June 3, 2015

    /s/ Arthur D. Spatt
    ARTHUR D. SPATT
United States District Judge